UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOY GALLAGHER, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 3:10CV1270 (DJS) |
| : | |
| TOWN OF FAIRFIELD, FAIRFIELD : | |
| BOARD OF EDUCATION, ANN : | |
| CLARK, DEBORAH JACKSON, : | |
| JOHN BOYLE, THOMAS CULLEN, : | |
| and SALVATORE MORABITO, : | |
|     Defendants. : | |

RULING ON MOTION FOR LEAVE TO AMEND THE COMPLAINT

The plaintiff, Joy Gallagher, filed a twelve count complaint against the Town of Fairfield ("Town"), the Fairfield Board of Education ("Board"), and, in their individual and official capacities, Ann Clark (Fairfield's Superintendent of Schools), Deborah Jackson (Principal of North Stratfield Elementary School), John Boyle (Fairfield's Deputy Superintendent of Schools), Thomas Cullen (Director of Operations), and Salvatore Morabito (Director of Safety, Security, and Construction), alleging disability discrimination and retaliation under Title II of the Americans with Disabilities Act ("ADA"), disability discrimination and retaliation under the Rehabilitation Act, a violation of her rights to equal protection and her First Amendment rights pursuant to 42 U.S.C. § 1983, and various Connecticut statutory and common law claims. The plaintiff's claims relate to events that occurred while she was employed by the Board as an art teacher at the North Stratfield Elementary School. The plaintiff alleged that the environment in which she was required to work caused her to suffer various illnesses and that when she complained about these conditions she was subjected to retaliatory actions which caused her condition to worsen. In a ruling issued on August 15, 2011, the Court (Droney, J.) dismissed all

of the plaintiff's claims except for her Rehabilitation Act claims against the Board (Counts Three and Four of the original complaint) and her intentional infliction of emotional distress claims against the individual defendants (Count Eleven of the original complaint).

The plaintiff seeks to amend her complaint by adding claims of disability discrimination and retaliation in violation of Title I of the ADA, disability discrimination and retaliation in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), and retaliatory termination of wages and benefits in violation of the Rehabilitation Act , along with factual allegations in support of those claims. The defendants oppose the plaintiff's motion. For the reasons set forth below, the plaintiff's motion for leave to amend the complaint (**dkt. # 47**) is **GRANTED in part and DENIED in part**.

DISCUSSION

The plaintiff filed her original complaint on August 9, 2010. In her proposed amended complaint, the plaintiff alleges that "[o]n October 1, 2010, plaintiff's wages and benefits were terminated." (Dkt. # 47-1, p. 8, ¶ 25.) She further alleges that she "has exhausted administrative remedies. She filed a timely complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) and the Equal Employment Opportunities Commission (EEOC)." (*Id.* at p. 2, ¶ 2.) In considering the plaintiff's motion to amend, the Court is guided by the principle that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15 (a)(2). "The Court of Appeals has repeatedly noted that the trial court has broad discretion in ruling on a motion to amend." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010).

The defendants oppose the plaintiff's motion to amend for three reasons: "(1) because the

proposed amendments are beyond the date set by the Court in its scheduling order and the Plaintiff has not shown good cause for the delay; (2) the proposed amendments would prejudice the Defendants by delaying the resolution of the action; and (3) the proposed amendments are futile as Plaintiff's claims are untimely." (Dkt. # 48, p. 1.) The Court will address the defendants' arguments seriatim.

Timeliness of the Motion to Amend

The defendants contend that the claims the plaintiff wishes to add under Title I of the ADA and the CFEPA should be denied "because, but for Plaintiff's failure to timely exhaust her administrative remedies, these claims could have been raised at the outset of this case." (Dkt. # 48, p. 6.) In her initial complaint, the plaintiff asserted claims of discrimination and retaliation under Title II of the ADA. The defendants moved to dismiss the complaint, arguing, inter alia, that employment discrimination claims are only actionable under Title I of the ADA, not Title II. In ruling on the defendants' motion to dismiss, the Court (Droney, J.) acknowledged that the Second Circuit "has not yet ruled whether employment discrimination claims are actionable under Title II of the ADA" and that there is a split of authority among the U.S. Circuit Courts on the issue of whether Title II covers employment discrimination claims in the public employment sector. *Gallagher v. Town of Fairfield*, No. 3:10-cv-1270 (CFD), 2011 U.S. Dist. LEXIS 90459, at *7-8 (D. Conn. Aug. 15, 2011). In ultimately determining that the plaintiff's claims based on Title II of the ADA were not actionable, the Court further noted that "allowing employment discrimination claims to be brought pursuant to Title II enables a plaintiff to circumvent the important administrative exhaustion requirements of Title I." *Id.*, 2011 U.S. Dist. LEXIS 90459, at *8.

Given the lack of clarity in the law pertaining to the ADA at the time the plaintiff's complaint was filed , the Court cannot conclude that it was unreasonable for the plaintiff to have raised claims under Title II instead of Title I. Since Title II claims, unlike Title I claims, do not require administrative exhaustion prior to their filing, the Court likewise cannot conclude that it was unreasonable for the plaintiff to have initiated this action prior to having exhausted her administrative remedies. With regard to the allegations of retaliatory termination, the plaintiff's ADA and CFEPA claims based on such allegations are also subject to the administrative exhaustion requirement. For these reasons, the Court finds good cause for an amendment of the complaint beyond the time specified in the scheduling order.

## Prejudice to the Defendants

The defendants claim they would be prejudiced by an amendment to the complaint "because additional discovery would be needed on Plaintiff's new theory that Plaintiff's alleged termination of wages was discriminatory and retaliatory in violation of the ADA, CFEPA and Rehabilitation Act." (Dkt. # 48, p. 8.) "[T]he need for new discovery is not sufficient to constitute undue prejudice on its own. The prejudice that would flow from any additional required discovery can generally be mitigated by adjustments to the discovery schedule. Here, if the time allotment in the current Scheduling Order is insufficient to accommodate defendants' additional discovery needs, [the court] can alleviate any hardship through further adjustments to the schedule." *Duling*, 265 F.R.D. at 100-101 (citations omitted); *see also Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 248 F.R.D. 408, 414 (S.D.N.Y. 2008) ("[a]llegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute undue prejudice" (internal quotation marks omitted)). The defendants have not demonstrated that the

plaintiff's motion should be denied on the basis of substantial prejudice. As was the case in *Duling*, the Court can alleviate any hardship through further adjustments to the scheduling order.

## Futility

The defendants contend that the proposed amendments to the complaint would be futile because the proposed amendments concerning Title I of the ADA and CFEPA were not timely filed with the CHRO or the EEOC. Pursuant to Conn. Gen. Stat. § 46a-82 (f), a person alleging a discriminatory practice under CFEPA must file a complaint "within one hundred and eighty days after the alleged act of discrimination . . . ." The pertinent statutory time period applicable to the plaintiff's ADA claims requires that discrimination charges be filed "within three hundred days after the alleged unlawful employment practice occurred . . . ."  42 U. S. C. § 2000e-5 (e)(1)[1]. According to the defendants, "[t]he Plaintiff filed her Complaint with the EEOC and CHRO alleging disability discrimination and retaliation in violation of the ADA and CFEPA on March 30, 2011," (dkt. # 48, p. 9), and consequently the only proposed amendment not time-barred by virtue of the statutory time periods is the ADA claim relating to the alleged termination of the plaintiff's wages.

"Generally, an amendment is futile if the pleading fails to state a claim or would otherwise be subject to dismissal. The analysis is similar to that employed in a motion to dismiss. The court must accept the asserted facts as true and construe them in the light most favorable to the amending party." *Goston v. Potter*, No. 9:08-CV-478 (FJS/ATB), 2010 U.S. Dist. LEXIS 121039, at *12 (N.D.N.Y. Sept. 21, 2010) (citations omitted). In her proposed amended

---

[1] As previously noted, a Title I ADA claim requires administrative exhaustion prior to filing suit in federal court.

complaint, the plaintiff alleges that "Plaintiff has exhausted administrative remedies. She filed a timely complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) and the Equal Employment Opportunities Commission (EEOC)." (Dkt. # 47-1, p. 2, ¶ 2.) Since the Court must accept the asserted facts as true and construe them in the light most favorable to the amending party, the Court at this time cannot conclude that the proposed amendments were not timely filed with the CHRO or EEOC and that, as a result, the proposed amendments would be futile. "When amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment." *Goston*, 2010 U.S. Dist. LEXIS 121039, at *13.

## Limitations on Additional Claims

The plaintiff's motion to amend does not specify which defendants are subject to the Title I ADA claims or the CFEPA claims. In connection with the defendants' motion to dismiss, the plaintiff "conceded that the Town is not her employer and is not liable for discrimination pursuant to the Rehabilitation Act." *Gallagher*, 2011 U.S. Dist. LEXIS 90459, at *9. Since Title I ADA prohibits discrimination by covered "employers," 42 U.S.C. § 12111 (2), the plaintiff may only pursue her Title I ADA claims (Counts One and Two of the proposed amended complaint) against her employer, i.e., the Board.[2]

CFEPA prohibits an employer from discriminating against an individual in terms,

---

[2] As noted by the Court with respect to the Rehabilitation Act claims, any Title I ADA claims against the individual defendants in their official capacities would be duplicative of the claims against the Board. *See Gallagher*, 2011 U.S. Dist. LEXIS 90459, at *10-11. For that reason, the plaintiff will not be permitted to add Title I ADA claims against the individual defendants in their official capacities.

conditions or privileges of employment because of the individual's disability. Conn. Gen. Stat. § 46a-60 (a)(1).  The plaintiff's proposed amended complaint alleges that "[t]he acts and practices of defendants . . . constitute unlawful discriminatory employment practices within the meaning of CFEPA, based on plaintiff's disability, including failure to provide a reasonable accommodation, and termination of wages and benefits." (Dkt. # 47-1, p. 12, ¶ 53.) Because the plaintiff's employer was the Board, and because Conn. Gen. Stat. § 46a-60 (a)(1) "does not impose liability on individual employees," *Perodeau v. City of Hartford*, 259 Conn. 729, 737 (2002), the plaintiff may pursue her CFEPA disability discrimination claim (Count Five of the proposed amended complaint) only against the Board.

CFEPA does impose liability on "any person" who discriminates against a person because such person has opposed a discriminatory employment practice.  Conn. Gen. Stat.§ 46a-60 (a)(4). The plaintiff's proposed amended complaint includes a claim of retaliation in violation of Conn. Gen. Stat. § 46a-60, *et seq.* (Count Six of the proposed amended complaint). Nowhere in the proposed amended complaint, however, is there a factual allegation specific to any of the individual defendants that would support a claim of retaliation in violation of Conn. Gen. Stat. § 46a-60 (a)(4). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted) . Because the proposed amended complaint fails to state a facially plausible claim of retaliation in violation of Conn. Gen. Stat. § 46a-60 against any of the individual defendants, the plaintiff may pursue her CFEPA retaliation claim (Count

Six of the proposed amended complaint) only against the Board.[3]

CONCLUSION

For the reasons stated above, the plaintiff's motion for leave to amend the complaint (**dkt. # 47**) is **GRANTED in part and DENIED in part**. The plaintiff will be permitted to file an amended complaint limited to the following claims:

Count One  -   As to the Fairfield  Board of Education only, discrimination because of disability and failure to accommodate in violation of Title I of the ADA.

Count Two -   As to the Fairfield Board of Education only, retaliation for requesting accommodation in violation of Title I of the ADA.

Count Three - As to the Fairfield Board of Education only, discrimination because of disability and failure to accommodate in violation of the Rehabilitation Act.

Count Four - As to the Fairfield Board of Education only, retaliation for requesting accommodation in violation of the Rehabilitation Act.

Count Five - As to the Fairfield Board of Education only, discrimination because of disability in violation of CFEPA.

Count Six - As to the Fairfield Board of Education only, retaliation for requesting accommodation in violation of CFEPA.

Count Seven - As to Ann Clark, Deborah Jackson, John Boyle, Thomas Cullen, and Salvatore Morabito in their individual capacities only, intentional infliction of emotional distress.

---

[3]Likewise, while Conn. Gen. Stat. 46a-60 (a)(5) imposes liability on any person who "aids or abets" a discriminatory employment practice, the proposed amended complaint contains no factual allegation specific to any of the individual defendants that would support a claim of aiding or abetting a discriminatory employment practice.

The plaintiff shall file her amended complaint on or before February 20, 2012.


SO ORDERED this 2nd day of February, 2012



_____/s/ DJS_____
                Dominic J. Squatrito
              United States District Judge