UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOY GALLAGHER,      :
    Plaintiff,     :
            :
v.           :     No. 3:10CV1270 (DJS)
            :
TOWN OF FAIRFIELD, FAIRFIELD :
BOARD OF EDUCATION, ANN  :
CLARK, DEBORAH JACKSON,  :
JOHN BOYLE, THOMAS CULLEN, :
and SALVATORE MORABITO,  :
    Defendants.    :

<u>RULING ON MOTION TO DISMISS</u>

The plaintiff, Joy Gallagher, initially filed a twelve count complaint against the Town of Fairfield ("Town"), the Fairfield Board of Education ("Board"), and, in their individual and official capacities, Ann Clark (Fairfield's Superintendent of Schools), Deborah Jackson (Principal of North Stratfield Elementary School), John Boyle (Fairfield's Deputy Superintendent of Schools), Thomas Cullen (Director of Operations), and Salvatore Morabito (Director of Safety, Security, and Construction). The Court subsequently permitted the plaintiff to file an amended complaint limited to the following claims against the Board only: Count One - Discrimination because of disability and failure to accommodate in violation of Title I of the Americans with Disabilities Act (ADA); Count Two - Retaliation for requesting accommodation in violation of Title I of the ADA; Count Three - Discrimination because of disability and failure to accommodate in violation of the Rehabilitation Act; Count Four - Retaliation for requesting accommodation in violation of the Rehabilitation Act; Count Five - Discrimination because of disability in violation of the Connecticut Fair Employment Practices Act (CFEPA); and Count Six - Retaliation for requesting accommodation in violation of CFEPA. The Court also permitted

the plaintiff to include a claim against Ann Clark, Deborah Jackson, John Boyle, Thomas Cullen, and Salvatore Morabito, in their individual capacities only, for intentional infliction of emotional distress.

The plaintiff's claims relate to events that occurred while she was employed by the Board as an art teacher at the North Stratfield Elementary School in Fairfield, Connecticut. The plaintiff alleges that the conditions in which she was required to work caused her to suffer various illnesses and that when she complained about these conditions, she was subjected to retaliatory actions, including her eventual termination.

The defendants have moved to dismiss, in part, Counts One, Two, Five and Six of the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending that these counts, in part, fail to state a claim upon which relief can be granted. For the reasons stated below, the defendants' motion to dismiss (doc. # 53) is granted in part and denied in part.

STANDARD

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). "The issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hospital*, 727 F. Supp. 784, 786 (D. Conn. 1990) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Although it is true that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does

not need detailed factual allegations," it is equally true that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Enough facts are required to state a claim that is not merely conceivable, but "that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

DISCUSSION

In her amended complaint, the plaintiff alleges various acts by one or more of the defendants that affected her in an adverse manner. These include modifications to her art room that left the room with no operable windows, no exterior door, and no mechanical air conditioning or ventilation; ineffective attempts to repair water damage to ceiling tiles in the art room; the dismantling of a skylight, which caused the release of a cloud of particles and dust into her art room while she was teaching; the installation of a contaminated air cleaner in her art room; the replacement of the contaminated air cleaner with a lesser quality cleaner that produced ions harmful to her; a delay in providing her with specific air cleaning devices in response to her doctor's request; and the termination of her wages and benefits.

The defendants' motion to dismiss is based on their contention that, with the exception of the plaintiff's termination, all of these "alleged acts of discrimination and retaliation . . . were not timely exhausted with the Commission on Human Rights and Opportunities ('CHRO') or the Equal Employment Opportunity Commission ('EEOC')," (doc. # 54, at 1), and are thus time-

barred. Claims of discrimination or retaliation pursuant to CFEPA must be filed with the CHRO

within 180 from the date of the alleged illegal act. Conn. Gen. Stat. §46a-82(f). Claims of

discrimination or retaliation pursuant to the ADA must be filed with the EEOC within 300 days

from the date of the alleged illegal act. 42 U.S.C. §2000e-5(e)(1).

The plaintiff does not contend that the acts alleged in her amended complaint, other than

the termination of her wages and benefits, occurred within the statutory deadlines imposed by the

ADA and CFEPA[1]. Rather, she contends that as to her discrimination and retaliation claims,

these earlier acts can be considered as background evidence to support her timely claim based on

the termination of her wages and benefits. She further argues that she has alleged a "retaliatory

hostile environment" claim as to which these previous acts may be considered for the purpose of

determining liability, (doc. # 60, at 4), and that her failure to accommodate claim should not be

dismissed as untimely because she "last requested an accommodation in July of 2009" that

"remained outstanding within the statutory limitations period." (*Id.* at 5). The Court will proceed

to consider the parties' contentions as they apply to each of the counts of the amended complaint

at issue.

Counts One and Five

In Count One of her amended complaint, the plaintiff alleges violations of the ADA based

on discrimination because of disability and failure to accommodate. In Count Five, the plaintiff

---

[1]In her memorandum opposing the defendants' motion to dismiss, the plaintiff represents that she "was given notice in December, 2010, within the statutory time period, that an 'interactive process' was imminent, although it never took place." (Doc. # 60, at 6). This factual allegation is not included in the amended complaint and will not be considered by the Court for purposes of ruling on the defendants' motion. *See Ribis v. Mike Barnard Chevrolet-Cadillac, Inc.*, 468 F. Supp. 2d 489, 495 (W.D.N.Y. 2007) ("a memorandum of law is not a proper vehicle for rewriting or amending the complaint").

alleges violations of CFEPA based on discrimination because of disability. The defendant argues that because all alleged acts of discrimination and failure to accommodate, other than the termination of her wages and benefits, are time-barred, all factual allegations in the amended complaint that occurred outside the 300 day statutory deadline imposed by the ADA (acts occurring prior to June 1, 2010) should be dismissed.

For purposes of considering the defendant's motion to dismiss, it is necessary to distinguish between factual allegations that constitute a claim and factual allegations that can be used to support a claim. It is true, as contended by the defendant, that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). It is equally true, however, that "the statute [does not] bar an employee from using the prior acts as background evidence in support of a timely claim." *Id.*

In accordance with the Supreme Court's directive in *Morgan*, the plaintiff's claims of discrimination in Count One and Count Five based on any act other than the termination of her wages and benefits are time-barred and thus must be dismissed. The Court further finds that the plaintiff's contention that an accommodation request she made in July 2009 "remained outstanding within the statutory limitations period," (doc. # 60, at 5), is unavailing. There is no mention of a July 209 accommodation request anywhere in the amended complaint. The plaintiff's claims in Count One and Count Five are limited to alleged discrimination because of disability based on the termination of her wages and benefits. The Court will not, however, dismiss from the facts section of the amended complaint factual allegations relating to acts occurring prior to June 1, 2010, since such acts may constitute "background evidence in support

of a timely claim." *Morgan*, 536 U.S. at 113.

Counts Two and Six

In Count Two of her amended complaint, the plaintiff alleges violations of the ADA based on retaliation for having requested accommodations due to her disability. In Count Six, the plaintiff alleges violations of CFEPA based on retaliation for having requested accommodations due to her disability. As was the case with respect to Counts One and Five, the defendants maintain that all of the actions alleged to have been taken by them, other than the termination of the plaintiff's wages and benefits, occurred beyond the statutory deadlines and that all factual allegations relating to such time-barred actions should be dismissed.

In addition to her argument that actions of the defendants occurring beyond the statutory deadlines may constitute background evidence in support of her illegal termination claim, the plaintiff also maintains in her opposition memorandum that she has alleged a "retaliatory hostile environment" claim in her amended complaint. (Doc. # 60, at 4).  Relying on federal case law pertaining to actions brought pursuant to Title VII, the plaintiff contends that as long as one act demonstrating a hostile work environment occurred within the statutory deadline, "the entire time period of the hostile environment may be considered in determining liability."  (*Id.*). The defendants counter that "nowhere in Count Two are the elements of an actionable hostile work environment claim pled." (Doc. # 61, at 3).

It is unclear whether the Second Circuit recognizes a cause of action for hostile work environment under the ADA. Other circuits that have recognized such a cause of action apply the standard applicable to hostile work environment claims raised in Title VII cases. Under that standard, "for a work environment to be sufficiently hostile so as to be actionable, the workplace

must be 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment.'" *Martinsky v. City of Bridgeport*, 814 F. Supp. 2d 130, 151 (D. Conn. 2011) (quoting *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 240 (2d Cir. 2007).

The Court agrees with the defendants that Count Two of the amended complaint does not plead a distinct hostile work environment cause of action[2]. The cause of action identified by the plaintiff in Count Two is "ADA - retaliation for requesting accommodation." (Doc. # 55, at 9). As previously noted, the Court's ruling granting in part the plaintiff's motion to amend her original complaint explicitly provided that Count Two of the amended complaint would be limited to a claim against the Board for "retaliation for requesting accommodation in violation of Title I of the ADA." (Doc. # 49, at 8). The Court further notes that even if the amended complaint were construed to include a hostile work environment ADA claim, Count Two does not, in light of the standard articulated in *Kassner*, "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court concludes that the plaintiff's claims in Counts Two and Six of retaliation for having requested accommodations based on any act other than the termination of her wages and benefits are time-barred and thus must be dismissed. The plaintiff's claims in Counts Two and Six are limited to alleged retaliation for having requested disability-related accommodations

---

[2]The plaintiff's hostile work environment argument appears to be based on her claims under the ADA. The Court's analysis and conclusions would apply equally to an argument based on CFEPA claims. *See Chasse v. Computer Sciences Corp.*, 453 F. Supp. 2d 503, 514 n.4 (D. Conn. 2006) ("Claims for violations of the CFEPA are analyzed under the same standards as claims for violations of the ADA.")

based on the termination of her wages and benefits. Consistent with its treatment of Counts One and Five, the Court will not dismiss from the facts section of the amended complaint factual allegations relating to acts occurring prior to June 1, 2010.

CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (**doc. # 53**) is **GRANTED in part and DENIED in part**. The plaintiff's claims in Counts One and Five of the amended complaint are limited to alleged discrimination because of disability based on the termination of her wages and benefits. The plaintiff's claims in Counts Two and Six of the amended complaint are limited to alleged retaliation for having requested disability-related accommodations based on the termination of her wages and benefits.

The Court notes that the plaintiff has requested an opportunity to further amend her complaint should the Court grant the defendants' motion to dismiss.  On or before May 13, 2013, the plaintiff shall take one of the following two actions: (1)file a second amended complaint consistent with the provisions of this ruling and order. If the plaintiff chooses to take this action, she shall modify her amended complaint as follows: as to Count One, delete all of  paragraph 28 and that portion of paragraph 29 stating "refused to accommodate plaintiff's disability and"; as to Count Two, delete that portion of paragraph 35 stating "treating her differently than similarly situated non-disabled employees and/or by creating a retaliatory hostile environment, and/or" and that portion of paragraph 36 stating "disparate treatment, hostile environment, and"; as to Count Five, amend paragraph 53 to read, "The termination of plaintiff's wages and benefits constitutes an unlawful discriminatory employment practice with the meaning of CFEPA, based on plaintiff's disability"; as to Count Six, delete that portion of paragraph 59 stating "treating her

differently than similarly situated non-disabled employees and/or by creating a retaliatory hostile

environment, and/or" and that portion of paragraph 60 stating "disparate treatment, hostile

environment, and"; or (2) file a motion to further amend her complaint in compliance with the

requirements of Fed. R. Civ. P. 15 (a)(2).


SO ORDERED this    27th    day of March, 2013.


_____/s/ DJS_____
                Dominic J. Squatrito
                United States District Judge